UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT DABNEY, et al., | |
| Plaintiff(s), | No. C09-4116 BZ |
| v. | |
| CITY OF HAYWARD, et al., | **ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |
| Defendant(s). | |

Plaintiffs' only claim against defendant is that their constitutional rights were violated when they were deprived of their property due to defendant's official policies or customs.[1]  See Docket Nos. 38 and 51.  Defendant has moved for summary judgment arguing that this claim should be dismissed because plaintiffs have not presented any evidence to support it.[2]  Docket No. 58.  Having reviewed the papers submitted by

---

[1] The parties have consented to the Court's jurisdiction for all proceedings, including entry of final judgment under 28 U.S.C. § 636(c).

[2] Plaintiffs incorrectly argues that under FRCP 56 defendant was required to file a statement of undisputed facts along with its summary judgment motion.

1

the parties and the record before the Court, **IT IS HEREBY ORDERED** that defendant's motion for summary judgment is **GRANTED**.

Under Monell v. Department of Social Services, a "local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents." 436 U.S. 658, 694 (1978). "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." Id. at 694. Thus, for plaintiffs to prevail on their claim against the City, they must present evidence showing that their constitutional rights were violated as a result of a policy or custom of the defendant. In presenting this evidence, plaintiffs are required "to go beyond the pleadings and by [their] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986) (internal quotations and citations omitted). On summary judgment, the Court is required to view the evidence in a light most favorable to the plaintiffs, the nonmoving party, and cannot weigh conflicting evidence or make credibility determinations. See T.W. Elec. Serv. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630-31 (9th Cir. 1987)(citing Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986)).

With respect to their alleged constitutional injury,

2

1  plaintiffs have submitted declarations in which they testified
2  that the defendant's Officers unlawfully forced them to leave
3  their home following a dispute with a non-party, depriving
4  them of the right to possess and use their property.  While
5  this claim stretches plausibility and is disputed by the
6  officers, viewing plaintiffs' evidence in a light most
7  favorable to them, it presents a triable issue as to whether
8  the plaintiffs suffered a constitutional injury.
9       Plaintiffs, however, have failed to produce any evidence
10 that defendant's policies or customs caused their claimed
11 injury.  The only evidence submitted by plaintiffs is their
12 declarations, but these declarations do not establish or even
13 discuss any of defendant's policies or customs.  Plaintiffs
14 argue that they will be able to prove, by way of testimony at
15 trial, their allegations from the second amended complaint
16 that the "officers acted in concert with a custom of the
17 Defendant municipality."  Opposition at 7.  But plaintiffs
18 cannot rely on their pleadings or future testimony to oppose
19 defendant's summary judgment motion.  See Celotex Corp., 477
20 U.S. at 324.
21      In an attempt to overcome their lack of evidence,
22 plaintiffs ask the Court to reopen discovery so that they
23 might "depose defendant and its officers and establish
24 evidence of the custom or policy under which the officers
25 acted..."  Opposition at 7.  This request is **DENIED**.
26 Plaintiffs had over a year to conduct such discovery and were
27 willing to proceed to trial with only themselves as witnesses.
28 See Docket No. 41 (plaintiffs' pretrial witness list did not

1  identify any witnesses other than themselves).  Plaintiffs
2  were therefore prepared to rely only on their own evidence to
3  prove their Monell claim.  Rather than impaneling a jury,
4  allowing plaintiffs to present their case, and then ruling on
5  defendant's FRCP 50 motion, this Court permitted defendant to
6  file this motion for summary judgment before trial commenced.
7  Under these circumstances, plaintiffs have not shown good
8  cause for the Court to reopen discovery.
9       For the foregoing reasons, defendant's motion for summary
10  judgment is **GRANTED**.[3]

Dated: March 28, 2011

*Bernard Zimmerman* (signature)
Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\-BZCASES\DABNEY V. CITY OF HAYWARD\ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT.wpd

---

[3]  The Court finds no need for argument on this motion, given the lengthy pretrial conference held January 25, 2011.